KLEINFELD, J.,
dissenting:
I respectfully dissent.
The immigration judge found Goraya not credible, in part based on documents he presented to the court, and in part based on inconsistencies in his testimony regarding his father’s location from 1999 to 2001. The record does not compel the conclusion that the documents are authentic or that Goraya’s testimony was consistent, so I would deny the petition for review.
Goraya presented various identification documents, including a driver’s license with the word “signtature” misspelled and the wrong birthdate and home address, from his parents in India. But they were mailed to New York instead of Seattle. Goraya was given a chance to explain this and could not. Nor could Goraya tell the immigration judge to whom in New York the documents were sent. The judge concluded “[t]his is not a reasonable foundation which enhanced the Court’s confidence in either the credibility of the respondent or the authenticity of the documents.” The IJ’s conclusion is reasonable; the typographical errors and inconsistencies in the documents, and the unexplained New York connection, support the inference that they are not what they purport to be, and the record does not compel a contrary conclusion.
Goraya claims persecution because of an imputed political opinion due to his father’s activities. Goraya testified that after he *250 and his father were both arrested in 1998, they both left home. When asked “from 1999 until today, how often is [your father] coming home?,” Goraya responded that “[h]e hasn’t come for, I mean, he just calls, he hasn’t come.” When he was arrested in December 2001, Goraya said that his father “came and got me released.” If Gor-aya’s father was home in 2001, that contradicts his testimony that the father had not come home since 1999. And if the father was able to come to the police station to get Goraya released in 2001, that casts doubt on the claim that the police were persecuting Goraya based on his father’s activities. In light of this discrepancy and the documents, the record does not compel a conclusion contrary to the immigration judge.